UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY LEE DOGGENDORF,

    Petitioner,

v.

    CASE NO. 4:07-CV-11638
    HONORABLE PAUL V. GADOLA
    UNITED STATES DISTRICT JUDGE

HAROLD WHITE,

    Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Troy Lee Doggendorf, ("Petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for second-degree criminal sexual conduct, M.C.L. 750.520c. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I.**     **Background**

On June 11, 2002, Petitioner pleaded no contest to second-degree criminal sexual conduct, in exchange for which the original count of first-degree criminal sexual conduct would be dismissed. The trial court also agreed, pursuant to *People v. Cobbs*, 443 Mich. 276; 505 N.W. 2d 208 (1993), that Petitioner would not be sentenced to prison time, and that any sentence of incarceration would be only to the county jail or "local time only." The trial court informed Petitioner that the charge he was pleading to carried up to fifteen years in prison. The trial court advised Petitioner of the rights he would be giving up by pleading no contest. When asked if there had been any promises

1

or threats made to get him to plead no contest, other than the terms of the plea agreement stated on the record, Petitioner replied no. Both the prosecutor and defense counsel stated that they were not aware of any hidden or undisclosed threats, promises, or inducements made to get Petitioner to plead no contest. The court accepted Petitioner's plea.

On July 8, 2002, Petitioner was placed on probation for two years and given ninety days in jail, with credit for sixty-seven days time served. The trial court advised Petitioner that it was departing below the sentencing guidelines primarily because the victim did not want Petitioner to go to prison. The court specifically advised Petitioner that if he violated the terms of probation, the court would sentence Petitioner to the state penitentiary.

Petitioner subsequently violated his probation on a number of occasions. Petitioner's probation was extended several times, in spite of these violations. On May 26, 2005, Petitioner pleaded guilty to violating two terms of his probation. On June 2, 2005, the Court revoked Petitioner's probation and sentenced him to twenty-nine months to fifteen years in prison.

Petitioner subsequently filed a motion to withdraw his plea to the charge of the probation violation and to the original charge because the original plea bargain pursuant to which he pleaded no contest involved an agreement for him to receive jail time only, not prison time. On June 19, 2006, the trial court denied Petitioner's motion to withdraw his plea.

Petitioner's conviction was affirmed on appeal. *People v. Doggendorf*, No. 271959 (Mich. Ct. App. Sept. 11, 2006); *lv. den.* 477 Mich. 1005; 726 N.W. 2d 37 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The trial court erred in failing to allow Defendant to withdraw his plea when the court sentenced Defendant to prison, contrary to the *Cobbs* agreement for "no prison."

2

II. Whether the court violated Defendant's due process rights when it refused to allow Defendant to withdraw his plea.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## III. Discussion

### A. Petitioner's claims

The Court will discuss Petitioner's two claims together because they are essentially

interrelated. Petitioner alleges that the trial court breached the terms of the sentencing agreement from the original plea, which called for a maximum sentence of county jail time, when the trial court sentenced Petitioner to twenty-nine months to fifteen years in prison for violating the terms of his probation. Petitioner claims that the trial court should therefore have permitted him to withdraw his original no contest plea to the second-degree criminal sexual conduct charge and his guilty plea to violating the terms of his probation, because his original no contest plea was induced upon the trial court's promise that Petitioner would not be sentenced to prison.

Initially, the Court observes that Petitioner has no absolute right to withdraw his guilty or no contest pleas. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748, 655 (E.D. Mich. 2005) (internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty or no contest plea is discretionary with the state trial court. *Id.*

A guilty or no contest plea that is entered in state court must be voluntarily and intelligently made. *See Shanks*, 387 F. Supp. 2d at 749; *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). In order for a plea of guilty or no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991); *Shanks*, 387 F. Supp. 2d at 749. The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily.

4

*Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no contest plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty or no contest plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *Shanks*, 387 F. Supp. 2d at 749. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty (or no contest) entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e., bribes). *Id.*

Petitioner claims that the trial court judge breached the terms of the original plea agreement when he revoked Petitioner's probation after Petitioner had pleaded guilty to violating the terms of his probation and sentenced Petitioner to prison.

An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Myers v. Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001) (citing to *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000)). However, a federal court sitting in

5

habeas review should not "lightly find misrepresentation in a plea agreement." *Montoya*, 226 F.3d at 406; *Myers*, 159 F. Supp. 2d at 627.

In this case, the original plea agreement included a sentencing agreement that Petitioner would not be sentenced to prison, but would be sentenced only to "local time" or time in the county jail. Petitioner was advised when he pleaded no contest that the charge carried up to fifteen years in prison. The trial court advised Petitioner at the time of the original sentencing that if he violated the terms of probation, he could be sentenced to prison. The trial court's original sentence of two years probation with ninety days in in the county jail was in compliance with the original plea and sentencing agreement. Petitioner's sentence of twenty-nine months to fifteen years in prison for violating the terms of probation did not violate the original plea agreement, because Petitioner was initially sentenced in accordance with the plea agreement and was advised at the time of sentencing that he could be subject to future incarceration if he violated the terms of probation. *Lucero v. Kerby*, 7 F.3d 1520, 1522 (10th Cir. 1993). Moreover, Petitioner is not entitled to withdraw his original no contest plea, because nothing in the terms of the original plea agreement indicated that Petitioner could withdraw his plea if his probation was subsequently revoked because of Petitioner's noncompliance with the terms of probation. *See Myers*, 159 F. Supp. 2d at 627.

In the present case, the trial court complied with the terms of the original plea and sentencing agreement by sentencing Petitioner to probation with a county jail sentence. Petitioner repeatedly violated the terms of his probation, which finally lead the trial court to revoke his probation. "[I]f revoking probation when a Defendant violates its terms breaches a plea bargain granting probation, then restrictions on probation in effect would be unenforceable." *United States v. Brown*, 583 F.2d 915, 917 (7th Cir. 1978). As another court indicated in rejecting a similar

claim, "[i]f this Court were to accept the Defendant's interpretation, the logic of the plea agreement would force this Court to continually re-impose probation upon any violation committed by the Defendant; or, in the alternative, it would compel the government to try the Defendant upon stale evidence and allow him to escape the agreed probation, merely because, years after his original offense, the Defendant chose to violate the conditions of his release and withdraw his plea. Even though the Defendant might favor such a reading of the agreement, the facts do not warrant such an extreme result." *United States v. Chen*, 837 F. Supp. 1225, 1227 (S.D. Fla. 1993). Petitioner is therefore not entitled to habeas relief on his claims.

### B. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if petitioner is entitled to a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission

7

to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a COA. *See Long v. Stovall*, 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

**IV. Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry #1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will be denied leave to appeal *in forma pauperis.*

**SO ORDERED.**

Dated:   August 28, 2007                    s/Paul V. Gadola
                                            HONORABLE PAUL V. GADOLA
                                            UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   August 28, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                              Raina I. Korbakis                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Troy Doggendorf         .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845